STATE OF NEW YORK
SUPREME COURT        COUNTY OF KINGS

---

TRIBUL MERCHANT SERVICES, LLC, TRIBUL LLC, TRIBUL CASH LLC, SECOND SOURCE FUNDING LLC, DALMAO, INC. and SHMUEL CHANIN,

                        Plaintiffs,

    -vs-

THE COMVEST GROUP a/k/a COMVEST GROUP HOLDINGS, LLC, COMVEST CYNERGY HOLDINGS, INC., PIPELINE CYNERGY HOLDINGS, LLC, CYNERGY EQUITY HOLDINGS, LLC, CYNERGY EQUITY HOLDINGS, INC., CYNERGY DATA, INC., PIPELINE CYNERGY, INC., PIPELINE DATA, INC., RANDY McCOY, KIM FITZSIMMONS, SHEILA CORVINO, MARCELO PALADINI, GUSTAVO CEBALLOS, ANDRES ORDONEZ, STEPHEN ASCHETTINO, DEAN M. LEAVITT, JAFFE RAITT HELTR & WEISS P.C., HOLLI HART TARGAN, NIXON PEABODY, LLP., FRANK PENSKI, MARK N. BERMAN, UNICORN PARTNERS LLC, JOHN MARTILLO, 6M INVESTMENT, LP, MERCHANT PROCESSING SYSTEMS CORP., OLEG FIRER, LEON GOLDSTEIN, VLADIMIR SADOVSKY, MERCHANT CAPITAL PORTFOLIO, LLC, NEW EDGE PAYMENTS, LLC, PROCESS PINK PAYMENTS LLC, and UNIFIED PAYMENTS, LLC,

                        Defendants.

**NOTICE OF REMOVAL**

Index No. 502672/2012

---

To:    UNITED STATES DISTRICT COURT FOR THE
        EASTERN DISTRICT OF NEW YORK

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §1452(a) and Federal Rule of Bankruptcy Procedure 9027, defendants Nixon Peabody LLP, Frank Penski, Esq. and Mark N. Berman, Esq. (hereinafter "Nixon Defendants"), by their attorneys The Wolford Law Firm LLP, hereby remove all claims and causes of action asserted in the

above-captioned action presently pending in the New York State Supreme Court, Kings County (Index No. 502672/2012) to the United States District Court for the Eastern District of New York and state as follows:

1. The basis for removal is this Court's original jurisdiction under 28 U.S.C. §1334(b) over "all civil proceedings . . . arising in or related to cases under title 11." 28 U.S.C. §1334(b). Removal of all claims and causes of action to this Court is proper pursuant to 28 U.S.C. §1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure.

2. This action was commenced by the filing of a Summons and Verified Complaint, dated August 25, 2012, in the Kings County Clerk's Office. The Summons and Verified Complaint are attached hereto as **Exhibit 1**.

3. The Nixon Defendants received by mail copies of the Summons and Verified Complaint, along with unexecuted Acknowledgments of Receipt of the Summons and Complaint, on or about September 13, 2012. The Nixon Defendants returned an executed Acknowledgment of Receipt of Summons and Complaint to the Plaintiffs on October 9, 2012. A copy of the Acknowledgment of Receipt of Summons and Complaint is attached hereto as **Exhibit 2**. Pursuant to 28 U.S.C. §1446(b) and Federal Rule of Bankruptcy Procedure 9027(a)(3), this Notice of Removal is timely filed.

4. Since the commencement of this action, we have become aware that Plaintiffs have filed a motion for a preliminary injunction on or about September 28, 2012 directed to certain of the Defendants, but not to our clients. The motion for a preliminary injunction is purportedly returnable on October 11, 2012, at 10:30 a.m., before the New York State Supreme Court, Kings County, at the Courthouse located at

360 Adams Street, IAS Part 47, Brooklyn, New York. A copy of the Notice of Motion, Supporting Affidavit and Memorandum of Law in support of Plaintiffs' motion is attached hereto and marked **Exhibit 3**.

5. Furthermore, our clients have been served with a motion filed on behalf of the Defendant Pipeline Data, Inc., which seeks an Order extending Pipeline Data's time to answer or otherwise respond to the Verified Complaint. This motion is returnable before New York State Supreme Court, Kings County, at the Courthouse at 360 Adams Street, Brooklyn, New York on October 22, 2012 at 9:30 a.m. A copy of the Amended Notice of Motion and Affirmation of Scott Kessler with Exhibits is attached hereto and marked **Exhibit 4**.

6. Upon information and belief, no further proceedings or pleadings have been had or served in this action since the filing of the Summons and Complaint.

7. On September 1, 2009, Cynergy Data, LLC, Cynergy Data Holdings, Inc., and Cynergy Prosperity Plus, LLC (hereinafter "Cynergy Debtors") filed for Chapter 11 bankruptcy relief in the Bankruptcy Court for the District of Delaware. That proceeding is captioned <u>In re: CD Liquidation Co., LLC, f/k/a Cynergy Data, LLC, et al.</u> (Case No. 09-13038 [KG]) (hereinafter "Bankruptcy Action").

8. Plaintiffs Tribul Merchant Services, LLC, Tribul LLC, and Second Source Funding LLC (hereinafter "Tribul Plaintiffs") were deeply involved in the Bankruptcy Action. The Tribul Plaintiffs filed proofs of claim and objections in the Bankruptcy Action. Further, Plaintiff Tribul Merchant Services, LLC, through its Chief Executive Officer Plaintiff Shmuel Chanin, was a member of the Committee of Unsecured Creditors in the Bankruptcy Action (hereinafter "Creditors Committee").

9. Upon information and belief, most, if not all, of the Defendants in this action were involved in the Bankruptcy Action in some capacity. The varying roles of those Defendants in connection with the Bankruptcy Action are described below.

10. Defendant Nixon Peabody LLP represented the Cynergy Debtors in the Bankruptcy Action. Defendants Frank Penski, Esq. and Mark N. Berman, Esq., partners at Nixon Peabody LLP, are alleged to have participated in that representation.

11. As part of the administration of the bankruptcy estate, Defendant Cynergy Equity Holdings, LLC (a/k/a Defendant "Cynergy Data, Inc.") purchased the assets of the Cynergy Debtors. Defendants The Comvest Group a/k/a Comvest Group Holdings, LLC, Comvest Cynergy Holdings, Inc., Pipeline Cynergy Holdings, LLC, Cynergy Equity Holdings, Inc., Pipeline Cynergy, Inc., and Pipeline Data, Inc. are all affiliated with Defendant Cynergy Equity Holdings, LLC, either as an investment affiliate or as an entity carrying out a business function of Defendant Cynergy Equity Holdings, LLC. Defendant Cynergy Equity Holdings, LLC and its affiliates will be collectively referred to herein as "the Cynergy Defendants."

12. Other Defendants in this action, including Randy McCoy, Kim Fitzsimmons, Sheila Corvino, Marcelo Paladini, Gustavo Ceballos, Andres Ordonez, Stephen Aschettino, Dean M. Leavitt, and John Martillo, are or were officers of the Cynergy Debtors or the Cynergy Defendants.

13. The Tribul Plaintiffs have also named as Defendants several entities and individuals who advised the Cynergy Debtors during the Bankruptcy Action, including the law firm of Jaffe Rait Heur & Weiss P.C., Holly Hart Targan, Esq., and Unicorn Partners LLP.

14. On December 17, 2010, the Cynergy Debtors and the Creditors Committee filed a "Joint Plan of Liquidation" of the Cynergy Debtors (hereinafter "Joint Plan"). The Joint Plan includes a provision releasing and exculpating the Debtors' attorneys, including the Nixon Defendants, from all liability in connection with the administration of the Chapter 11 Cases. The Joint Plan also contains a "Permanent Injunction" provision directing that "all entities who have held, hold or may hold Claims against, or Interests in, the Debtors are permanently enjoined, on and after the Effective Date, from . . . commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Interest against the property or interests in property of the Debtors."

15. The Bankruptcy Court entered an Order confirming the Joint Plan on December 21, 2010. The December 21, 2010 Order included a provision retaining jurisdiction of the Bankruptcy Action in order to, among other things, implement the Joint Plan.

16. On February 3, 2012, the Bankruptcy Court entered an order approving and sealing a settlement agreement entered into by the Trustee of the Cynergy Debtors' bankruptcy estate and the Tribul Plaintiffs (hereinafter "Tribul Settlement"). The Court's Order retained jurisdiction to hear all matters arising from the Tribul Settlement.

17. In this action, Plaintiffs allege, among other things: (1) that the Cynergy Debtors and their agents fraudulently transferred funds to certain individuals prior to the Cynergy Debtors' filing of the Bankruptcy Action; (2) that the Tribul Plaintiffs were deceived and misled by the Cynergy Debtors during the Bankruptcy Action; (3) that the Tribul Plaintiffs negotiated and entered into the Tribul Settlement in the Bankruptcy

Action while under "pressure and duress" from the Cynergy Debtors; (4) that the Tribul Plaintiffs were pressured and deceived into entering other agreements with the Cynergy Debtors during the Bankruptcy Action; (5) that the Cynergy Defendants are improperly enforcing "the onerous, unconscionable terms" of an agreement entered into by the Cynergy Defendants and the Tribul Plaintiffs during the Bankruptcy Action; and (6) the Cynergy Defendants have violated an agreement entered into by the Cynergy Defendants and the Tribul Plaintiffs during the Bankruptcy Action [see Ex. 1, Ver. Compl. at pp. 2-8 ("Nature of the Case")].

18. The issues and claims raised in the Verified Complaint were the same as those raised by the Tribul Plaintiffs in the Bankruptcy Action through their proofs of claim and objections, as well as during the lengthy negotiations leading to the Tribul Settlement and other agreements entered into by the Tribul Plaintiffs and the Cynergy Debtors and Defendants during the Bankruptcy Action.

19. Boiled down, Plaintiffs' claims are an attempt to collaterally attack the Tribul Settlement, Joint Plan and Confirmation, and other agreements entered into by the Tribul Plaintiffs and the Cynergy Debtors and Defendants to resolve the various issues that arose during the Bankruptcy Action. Plaintiffs have already raised, or could have raised, the claims asserted in their Verified Complaint during the Bankruptcy Action. As such, Plaintiffs' claims "aris[e] in" or are "related to [a] case under title 11." 28 U.S.C. §1334(b).

20. Upon removal of the claims and causes of action raised in the Verified Complaint, the proceeding is core.

21. In light of the foregoing, and in conjunction with this Notice of Removal, the Nixon Defendants will move to transfer venue to the United States District Court for the District of Delaware pursuant to 28 U.S.C. §§1404(a) and 1412 for referral to the United States Bankruptcy Court for the District of Delaware pursuant to 28 U.S.C. §157(a).

WHEREFORE, the Nixon Defendants request that all claims and causes of action asserted in the above-entitled action be removed from the New York State Supreme Court, Kings County, to this Court.

Dated: October 9, 2012

_____
James A. Hobbs, Esq.
Michael Wolford, Esq.
Lea Nacca, Esq.
**THE WOLFORD LAW FIRM LLP**
*Attorneys for the Nixon Defendants*
600 Reynolds Arcade Building
16 East Main Street
Rochester, New York 14614
Telephone: (585) 325-8000
E-mail: jhobbs@wolfordfirm.com


**TO:**  **Mitchell C. Shapiro, Esq.**
Shapiro Tamir Law Group PLLC
*Attorneys for Plaintiffs*
245 West 17th Street, 5th Floor
New York, NY 10011
Telephone: (212) 444-9970
E-mail: comvestcase@shapirotamirlaw.com