UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TRIBUL MERCHANT SERVICES, LLC;
TRIBUL LLC; TRIBUL CASH LLC;
SECOND SOURCE FUNDING LLC;
DALMAO, INC. and SHMUEL CHANIN,

                Plaintiffs,  **MEMORANDUM AND ORDER**

   -against-  Case No. 12-CV-5063 (FB) (VMS)

COMVEST GROUP; COMVEST
CYNERGY HOLDINGS, INC.; PIPELINE
CYNERGY HOLDINGS, LLC; CYNERGY
EQUITY HOLDINGS, LLC; CYNERGY
EQUITY HOLDINGS, INC.; CYNERGY
DATA, INC.; PIPELINE CYNERGY, INC.;
PIPELINE DATA, INC.; RANDY MCCOY;
KIM FITZSIMMONS; SHEILA CORVINO;
MARCELO PALADINI; GUSTAVO
CEBALLOS; ANDRES ORDONEZ;
STEPHEN ASCHETTINO; DEAN
LEAVITT; JAFFE RAITT HEUER & WEISS
P.C.; HOLLI HART TARGAN; NIXON
PEABODY, LLP; FRANK PENSKI; MARK
N. BERMAN; UNICORN PARTNERS
LLC; JOHN MARTILLO; 6M
INVESTMENT, LP; MERCHANT
PROCESSING SYSTEMS CORP.; OLEG
FIRER; LEON GOLDSTEIN; VLADIMIR
SADOVSKY; MERCHANT CAPITAL
PORTFOLIO, LLC; NEW EDGE
PAYMENTS, LLC; PROCESS PINK
PAYMENTS LLC; and UNIFIED
PAYMENTS, LLC,

                Defendants.
-------------------------------------------------------x

**BLOCK, Senior District Judge:**

On November 9, 2012, Magistrate Judge Vera M. Scanlon issued a Report and Recommendation ("R&R") recommending that the Court deny in part and grant in part plaintiffs' motion to remand this case to the New York Supreme Court (Kings County) and defendants' motion to transfer this case to the District Court of Delaware for assignment to the Bankruptcy Court. R&R 57-58. The comprehensive R&R specifically recommends that this Court: (1) find federal jurisdiction over the claims founded upon factual allegations previously litigated in the bankruptcy proceedings and claims that implicate the integrity of the bankruptcy process, and transfer these claims to the District Court of Delaware for assignment to the Bankruptcy Court, *id.* at 21-36; (2) find no federal jurisdiction over the claims founded upon factual allegations that have temporal or substantive distinctions from the bankruptcy proceedings and remand these claims to state court, *id.* at 36-44; (3) deny plaintiffs' request for a temporary restraining order ("TRO") and preliminary injunction due to lack of subject matter jurisdiction as to the remanded claims, *id.* at 44-51; and (4) deny plaintiffs' request for a TRO on the transferred claims due to failure to establish imminent irreparable harm, likelihood of success on the merits, or balance of hardships tipping in plaintiffs' favor, and defer ruling on plaintiffs' preliminary injunction request to allow the Bankruptcy Court to hold any necessary hearing, *id.* at 51-57.

The R&R also stated that the parties' failure to object by November 16, 2012,

would preclude appellate review. *See id.* at 59.[1] Several parties filed timely objections to various aspects of the R&R. Because objections have been filed, this Court reviews the R&R *de novo.* 28 U.S.C. § 636(b)(1).

## I. Requests for Clarification

The R&R anticipated that some of the causes of action would be split between state court and bankruptcy court as to some of the defendants. According to the R&R, "The Tribul Plaintiffs filed Proofs of Claim in the 2009 Bankruptcy as to broad swaths of the factual allegations in this litigation. Federal jurisdiction therefore vests over all the causes of action in the instant complaint *to the extent that they rely on the same facts.*" R&R 22 (emphasis added) (citation omitted). Accordingly, federal jurisdiction does not vest over the causes of action that rely on new, post-bankruptcy factual allegations, even if the causes of action originally appeared in the state complaint and were thus part of the Proofs of Claim.

Although the R&R sets forth a clear framework regarding the proper forum for each cause of action depending on the underlying factual allegations, various groups of defendants have filed letters seeking to clarify to which forum the causes of action pertaining to them are being sent. Their concern is not based on any ambiguity in the R&R

---

[1] Parties generally have fourteen days to file objections. 28 U.S.C. § 636 (b)(1). Magistrate Judge Scanlon shortened this period in consideration of plaintiffs' claim that they will suffer irreparable harm if they do not obtain relief by the end of the month. *See Hispanic Counseling Ctr., Inc. v. Inc. Village of Hempstead*, 237 F. Supp. 2d 284, 289-90 (E.D.N.Y. 2002) (time period for filing objections to report and recommendation "may be shortened where exigencies exist").

3

but rather on the voluminous and vague nature of plaintiffs' complaint. The 82-page complaint, consisting of nearly 400 paragraphs, lumps different groups of defendants together in various causes of action that arise from conduct occurring before, during, and after the bankruptcy.

**A.    Requests for Clarification from the Nixon, Jaffe, and Unicorn Defendants**

The Nixon, Jaffe, and Unicorn defendants, labeled as "Attorney-Advisor Defendants" in the R&R,[2] seek to clarify that all of the causes of action pertaining to them will be transferred to the District of Delaware. They contend that the causes of actions asserted against them constitute recycled or identical claims as those asserted by plaintiffs in their 2009 state court complaint and thus attached to the bankruptcy Proofs of Claim. *See* R&R 22-23 (finding federal jurisdiction over the causes of action that rely on the same facts as those alleged in the Proofs of Claim, including those pleaded in the 2009 state court complaint, which was incorporated wholesale into the Proofs of Claim).

Specifically, the Nixon defendants contend that there are no factual allegations involving their conduct that occurred after the bankruptcy proceeding. Docket Entry #43 at 2. The Jaffe defendants similarly contend that their involvement with Old Cynergy ended in 2009 and that they were never involved with the New Cynergy entities. Docket Entry #44 at 1. Finally, the Unicorn defendants assert that no allegations against

---

[2] The "Nixon Defendants" refer to defendants Nixon Peabody, LLC, Frank Penski, and Mark Berman. The "Jaffe Defendants" refer to defendants Jaffe, Raitt, Heur & Weiss, P.C. and Hollie Hart Targan. The "Unicorn Defendants" refer to defendants Unicorn Partners LLC and Dean M. Leavitt.

4

them involve post-bankruptcy conduct. Docket Entry #46 at 1.

This Court agrees with the Nixon, Jaffe, and Unicorn defendants. Even in their overly broad complaint, plaintiffs do not allege conduct by the Nixon, Jaffe, and Unicorn defendants occurring after the bankruptcy. Not only are the causes of action asserted against these defendants recycled and repeated causes of action from the 2009 state court complaint, but also the factual allegations underlying these claims are limited to before and during the bankruptcy proceeding. Thus, all causes of action asserted against the Nixon, Jaffe, and Unicorn defendants must be transferred to the District of Delaware.

### B. Request for Clarification from Defendants Aschettino and Paladini

Defendants Stephen Aschettino and Marcelo Paladini, who are part of the "Officer Defendants" category as termed by the R&R, similarly seek to clarify that all causes of actions asserted against them are being transferred to the District of Delaware. Defendants Aschettino and Paladini contend that the claims against them are all recycled from or identical to those alleged in the 2009 state court complaint, that their alleged acts and omissions occurred prior to or during the bankruptcy proceeding, and that they served as counsel or officers to Old Cynergy but not to the New Cynergy entities. Docket Entry #47 at 2-3. Like the Nixon, Jaffe, and Unicorn defendants, Aschettino and Paladini are concerned that plaintiffs may attempt to sue them in state court—notwithstanding the clear R&R—based on the "voluminous nature of the vague and lumped claims" in the complaint. *Id.* at 1. But unlike the Nixon, Jaffe, and Unicorn defendants, the complaint makes allegations against Aschettino and Paladini that pre-date and post-date the

5

bankruptcy proceeding.

Although Aschettino and Paladini claim that they have not served as counsel or officers to the New Cynergy entities, Docket Entry #47 at 3, plaintiffs' complaint specifically alleges that Paladini has been and continues to be a New Cynergy Officer and that Aschettino served as counsel for New Cynergy, Docket Entry 1-3 at ¶¶ 35, 40. While it is true that the causes of action asserted against Aschettino and Paladini are recycled and repeated from the 2009 state court complaint (and thus were incorporated into the bankruptcy proceeding), the underlying factual allegations regarding them in the vague complaint arguably extend beyond the bankruptcy proceeding; hence, the portions of the claims relying on post-bankruptcy allegations belong in state court.[3]

The ambiguity and the mixed allegations contained in the present complaint make it impossible for this Court to grant Aschettino and Paladini the clarification that they request. The allegations are sufficient, however, to place them in both courts, and this Court leaves it to those courts to flesh out the facts underlying the allegations and to apply

---

[3]For example, the third cause of action alleges breach of fiduciary duty against several defendants, including Aschettino and Paladini. Docket Entry 1-3 at ¶¶ 276-80. This claim incorporates all of the complaint's preceding allegations without providing any specificity as to what allegations form the basis of this particular claim. Because the third cause of action is a recycled claim, which appeared in the 2009 complaint and was incorporated into the Proofs of Claim, this claim belongs in federal court "to the extent that [it] rel[ies] on the same facts" as those alleged by plaintiffs back in 2009. R&R 22. With respect to defendants Aschettino and Paladini, the present complaint makes pre- and post-bankruptcy allegations—namely, that they served as officers or counsel of Old Cynergy and New Cynergy—without distinguishing which factual allegations give rise to which causes of action. Thus, as to these two defendants, the third cause of action partially relies on the same facts as the 2009 complaint and partially relies on new facts.

the law in accordance with this Memorandum and Order.

## II. Limited Objection from New Cynergy and Other Defendants

The ComVest Group a/k/a ComVest Group Holdings LLC, ComVest Cynergy Holdings, Inc., Pipeline Cynergy Holdings, LLC, Pipeline Cynergy, Inc., Cynergy Equity Holdings, Inc., Cynergy Holdings, LLC, Pipeline Data, Inc., Kim Fitzsimmons, Sheila Corvino, Merchant Processing Systems Corp., Merchant Capital Portfolio, LLC, New Edge Payments, LLC, Process Pink Payments LLC, and Unified Payments, LLC jointly filed a limited objection. Docket Entry #48. They ask this Court to direct plaintiffs to amend their complaint because the first cause of action alleges both breach of the Cynergy EP Agreement, which the R&R recommends remanding to state court, and breach of the CynergyPreB ISO Agreement, which the R&R recommends transferring to the District of Delaware. They argue that the factual allegations are "inextricably intertwined" in the present complaint and ask this Court to order re-pleading to segregate the two elements of the claim.

In the interest of moving these cases expeditiously to the proper courts, the Court denies defendants' request for re-pleading. These defendants may raise their pleading concerns with the state and bankruptcy courts. Once again, it is left to the receiving courts to resolve these contentions, in accordance with the conclusions articulated in this Memorandum & Order.[4]

---

[4]Additionally, the Court notes that nothing precludes any of the defendants from moving to dismiss the causes of actions brought against them in state or bankruptcy

### III. Plaintiffs' Objections

Plaintiffs Tribul Merchant Services, LLC, Tribul LLC, Tribul Cash LLC, Second Source Funding LLC, Dalmao, Inc., and Shmuel Chanin (collectively, "plaintiffs") filed a notice on November 16, 2012, of their "intention to move . . . for an order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure" to overturn the R&R as to its findings of federal jurisdiction and its denial of plaintiffs' request for a TRO or preliminary injunction. Docket Entry #45. Plaintiffs filed their "Notice of Rule 72 Objections"—but not the substance of their objections—by the deadline set forth in the R&R. Typically, if clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Here, however, this Court treats plaintiffs' notice as constituting their objections and conducts *de novo* review, given that the notice specifies the findings in dispute. But because the Court agrees with the R&R's resolution of the claims and because plaintiffs have not demonstrated why the R&R's recommendations are erroneous, plaintiffs' objections fail on the merits.

---

court should plaintiffs fail to adapt the causes of action, fail to assert their claims in the proper forum, or otherwise fail to comply with the terms of the R&R.

**IV. Conclusion**

For the foregoing reasons, the Court adopts the R&R, with limited clarification, and directs the Clerk to enter judgment in accordance with the R&R.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, NY
November 21, 2012